ERNEST BROWN v. THE STATE.

No. 1789.    Decided May 22, 1912.

**Local Option—Plea of Guilty—Judgment—Affidavit.**

Where, upon appeal from a conviction of felony, the judgment recited that the defendant pleaded guilty after due warning, and appellant contended that said plea had not been duly entered, the Appellate Court will be governed by the judgment and the qualification by the court of appellant's bill of exceptions and not by the affidavit of the appellant, the judgment being entered according to law, there was no error.

Appeal from the District Court of Shelby. Tried below before the Hon. W. C. Buford.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Anderson & Davis,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was convicted for a violation of the prohibition law in Shelby County, after prohibition had been put in force by the proper election orders, etc., since the felony statute was enacted, and given the lowest penalty, one year in the penitentiary.

The judgment is dated September 7, 1911, and after reciting that the State appeared by her district attorney and the defendant in person, in open court, his counsel also being present, both parties announced ready, "and said defendant Ernest Brown in open court, in person, pleaded guilty to the charge contained in the indictment; thereupon the said defendant was admonished by the court of the consequences of said plea, and the said defendant persisted in pleading guilty; and it plainly appearing to the court that the said defendant is sane, and that he is uninfluenced in making said plea by any consideration of fear, or by any persuasion or delusive hope of pardon prompting him to confess his guilt, the said plea of guilty is by the court received, and here now entered of record upon the minutes of the court as the plea herein of said defendant." The judgment then recites that a jury was duly empaneled and sworn, who, having heard the indictment read, the defendant's plea of guilty and having heard the evidence submitted and been duly charged by the court, retired to consider of their verdict and afterwards

brought into open court a verdict of guilty as charged in the indict-
ment and fixing his penalty at one year in the penitentiary.

The next day after the trial appellant made a motion for new trial,
but that motion is not contained in the record. On September 14,
1911, appellant filed his amended motion for new trial in lieu of
said original. This motion was not sworn to by appellant or any
other. Also on September 14 he made what is called a motion in
arrest of judgment and for a reformation of the judgment which was
sworn to by appellant but no other.

By his said motions in arrest of judgment and for new trial and
also by bills of exceptions, appellant contends that he, personally,
as required by article 581 (570), Code Criminal Procedure, did not
plead guilty, but that the plea was entered by his attorneys, he being
present, saying nothing and that he was not warned as required by
articles 565 (554) and 566 (555), Code Criminal Procedure. These
latter articles provide that if the defendant plead guilty he shall be
admonished by the court of the consequences and no such plea shall
be received unless it plainly appear that he is sane and is uninflu-
enced by any consideration of fear, by any persuasion, or delusive
hope of pardon prompting him to confess his guilt and that when
he persists in pleading guilty a jury shall be empaneled to assess his
punishment, and evidence submitted to enable them to decide there-
upon.

The record does show that at first appellant plead not guilty;
that the State thereupon introduced its testimony, which was uncon-
troverted and showed clearly his guilt. He thereupon, through his
attorneys, requested the court to permit him to withdraw his plea of
not guilty and to permit him to enter a plea of guilty. That he
sought to get the court, and at his instance the court did submit
to the jury, whether or not he had been, prior to that time, con-
victed of a felony and to get the jury to recommend a suspension
of his sentence in this case under the Act of the Thirty-Second Leg-
islature, passed for that purpose. The court did submit this question
to the jury and the jury expressly refused, as shown by their verdict,
to recommend a suspension of his sentence.

The record further shows that the court heard evidence on the
motion for new trial and, after hearing it, overruled it. What this
evidence was the record does not disclose.

The court in allowing and approving appellant's bills of excep-
tions raising these questions qualified them as follows: "That when
the case was called for trial the State and defendant both announced
ready for trial, a jury was empaneled and sworn, the indictment was
read and the defendant entered a plea of not guilty. The State
offered its evidence, which shows that the defendant was guilty, as
will be seen by reference to the statement of facts in this case. The
defendant offered some testimony tending to show that he had never
been convicted of a felony and so as will be seen by reference to the

statement of facts. The defendant being present, counsel for defendant asked that he be permitted to withdraw from the jury his plea of not guilty and enter a plea of guilty. The court permitted him to do so, and the plea of guilty was entered after conference between defendant and counsel, and the court asked the counsel if defendant's rights under the plea of guilty had been fully explained to him and both answered that they had been fully explained and he understood them. The case was then submitted to the jury on a plea of guilty. Judgment was entered in accordance with the verdict. No bills of exceptions were taken or any complaint made."

The statement of facts, as stated by the judge's qualifications, "shows that the defendant was guilty." In the face of all this record, this court can not and will not take the affidavit of the appellant himself as true as now contended for by him. Instead, we take, as true, the said record and statement by the judge and hold that all of the requisites prescribed by law where appellant enters a plea of guilty were fully and completely complied with.

The judgment will be affirmed.

*Affirmed.*